Per Curiam.
The plaintiffs proved the following facts : W. Dazian is one of the plaintiffs. The defendant delivered to him, this paper, viz.: “I hereby agree to pay to. W. Dazian $2,000 for costumes for opera, ‘ Trip to Africa,’ on completion of order, and bill being signed by Mr. A. Neuendorf as correct on or before May 11, 1884. N. J. Haines, Jr.” The costumes, by arrangement, were to be delivered to Neuendorf, and they were in fact delivered to him before May 11, 1884. Bills of the costumes were made headed, “Mr. N. J. Haines, Jr., bought of W. Dazian.” On the margin of the bills Neuendorf signed the letters “ Ndff.” opposite “Number of dresses received,” and in another line “Correct.” These bills were in this state presented to the defendant, who made no objection to the manner of certification used by Neuendorf, and he promised to pay the amount charged in them. Afterwards he declined to pay, and on the trial defended the action on the position that the bills had not been signed by Neuendorf, as correct, in accordance with the condition of the agreement. The learned judge was inclined to think that the position was sound, but ordered the exception to his ruling to be heard in first instance at general term.
It would appear that the words on the margin do not form a complete sentence. The expressions call for words to be supplied. In a vernacular use of words or in their strictly grammatical use, the word “ correct ” following *118 “received” would not qualify “number of dresses.” Nothing would suggest a departure from the natural, usual phrase “ Correct number of dresses received.” It is conceivable, however, that there might be an intention to say “ Number of dresses received was or is correct.” This supplies words that were not used, and before that is done, it is proper to ask whether this case does not suggest that different words should be supplied. The first thing to be done, is to compare the words with the condition of the agreement. It seems that there were two’ conditions—one “ on completion of order,” and the other “the bill being signed by Mr. A. Neuendorf as correct.’ As Mr. Neuendorf was the party who received the dresses, and therefore the one who would know whether the order had been completed, and the one to whom the defendant would resort to learn if the order had been completed, these facts suggest that the plaintiffs would procure something from Neuendorf to satisfy the defendant that the order had been fulfilled. Returning to the words on the margin of the bills, if the word ‘c correct ” is understood to be preceded by “ The bills,” then there are two phrases to be distributed to the two conditions. The first is, number of dresses received—-that is, the order has been completed. The second is, the bill is correct, and is in the form required. The latter construction appears to have been meant.
It is further to be considered that the promise to pay by defendant after the presentation of the bills to him was evidence of a waiver of strict compliance, if there had not been such in fact; or of an estoppel in plaintiffs’ favor, if it should appear that if the defendant had informed the plaintiffs that he required a different form of certification, the plaintiffs could have procured it.
The plaintiffs’ exception should be sustained, the verdict set aside, and a new trial ordered, with costs of the appeal to abide the event.